The counsel for McChord, fyc. filed the following petition for a re-hearing.
The counsel for McChord, reluctantly, but earnestly solicit of the court, a re-hearing in this cause, and do respectfully insist, that there is error in the decree, rendered in two particulars.
1st. In refusing to restore to McChord the notes on the bank of the commonwealth, but scaling them to a specie standard.
2d. In decreeing restoration, or rather, that Mc-Chord should give up possession to a man, who never had either possession or title.
As to the first point, it is readily admitted, that courts, for debtor damages, cannot generally give judgment, or decrees for any thing but money; but in the case of a rescisión of contract, it is the duty of every court in placing the parties in statu quo, to restore to each specifically what he had parted with, whether it be money, houses, bank paper, worth less than par or other commodities. The old decree was therefore right. On this point there is expresss authority; see Talbot vs. Dailey, III Bibb, 443; Keith vs. Paton, I Marshall, 23. The court below was therefore, right in decreeing the restoration of bank paper in specie.
On the second point, it is the very first case that the court decreed the land to be given up, unless the pos *480 session was had from the vendor; but here the vendor never had possession, and this court expressly admits he had no title!
How were the pa'-fies before their deaths? McChord was in possession, and no title. Eodley was out of possession and had no title, but stated that he had, and McChord believed him, and bought not the possessson, but a title, as he supposed. Finding afterwards, that Bodley had no title, he withheld payment, injoinéd the purchase money, and prayed a discoveryof title before he paid, or a rescisión. Bodley still declares he has title, arid produces none. The court below set aside the contract for title, and left possession where it was, before the'contract. Was not this complete rescisión, and the parties placed in statu quo completely 'l 'yet,, this court goes further and implies a contract on part of McChord, that he should 'give up possession to, if hé could notget till e.from his vendor? The court rescind the contract, because Bodley has no title, and yet gives him, for the first tin•>, and does not restore the possession because he has title! The court says, that the doctrine óf adverse possession is to be talcen strictly, and cannot be presumed, but must be taken to be held amicably with the right of the true owner. Admit this, and who or where is the true o'wner? Not Bodley, as the court admits. If Bodley has no title, and was to oust Mc-Chord, the latter could recover back the possession on possession only without title, and yet the court has sanctified such an ouster without showing title, and therefore, has prohibited McChord from recovering his possession. Twenty years possession may give the title, so that McChord could hold it forever, and yet the . court has transferred this twenty years title to Bodley, who held no previous possession.
The court seems to anticipate this reasoning, and answers it by saying, that McChord ought not to withhold the possession, by requiring positive evidence of title-Why ought he not to require it? It is the very thing in issue, and that which he wanted. But the court seems to rest the giving up the possession; not so much on title in Bodley, as in want of the defendants showing, that neither his father or himself ever had any claim to the land, except what they derived from Bodley, by making a contract with him, for a conveyance. What *481 Sitie did they derive from him by this contract? Certainly none, and because they did not, the contract is rescinded. If, as the court supposes, by making tract w'th Bodley, McChord acknowledged that Bod-ley had title, how then is McChord permitted to dispute that fact and get clear of the contract? This acknowledgment of title by McChord, the court admits, is not binding enough to enforce the contract, and yet the court makes it binding enough, to compel Me-Chord to give up the very enjoyment or use of the land!!!
With due submission, the counsel cannot see the propriety of making want of title in Bodley good for one purpose, and not for every purpose of the suit. They cannot suppose that the want of title should keep Bodley out of the money, and yet he should have ■ enough to give him the land, which he never had the .possession of.
Who was McChord before the contract with Bod-ley? We will, for the sake of argument, admit him to be a mere squatter. Who then was Bodley? A preiender to title, but without any, who passing by the defenceless tenement, claimed it, and seduced the unprotected occupant, into a purchase of a pretended title. This deluded occupant pays part of the money? but afterwards becomes alarmed, for fear he was deceived, and applies the screws of the chancellor, to his vendor, to compel the production of title, and insists, if he can get none, that matters ought to be placed back as they were. No title appears. The court says this is true; he ought not to be compelled to fulfil the contract; but still a worse fate awaits him. He must give up his home, to this stranger without title. Deceiving the squatters of the country has been within our judicial hislory, a business for speculators, who pretended to sell title, and is it true, that such speculators shall gain possessions, which they never had; which they never could get, by deluding the settlers into con* t act? For any thing this coart can see the title of this land is yet in the commonwealth, and of course, McChord is entitled to a pre-emption, as the first set-tier. This right, however, the court takes from him. From any thing which appears, McChord has found out the true owner, and has (as the fact is out of the *482 record) purchased and procured the real title, and paid bis money. What now is the result? He must lose his home and lose his purchase, and be driven to bring his action at law, and instead of Bodley bringing his, and try to get back if he can, and what is still worse, Bodley will' hold the possession under an irreversible decree of this court, which sanctifies his possession, and bars his ejectment.
Response to the petition.
The counsel will refrain from reasoning further on this case. At this moment, we have not time to cite authorities on the last point, but will try and furnish them hereafter.' Indeed they have considered the point at rest, in this court, and do recollect, that the court has invariably refused (sub silentio, not supposing the matter contestible) to cause the vendee to give up possession on rescisión, even when the vendor proved that he had a title, unless the vendor took 'possession from him. It is known that possession is important, and if the vendor gives possession when he sells, then he gets it back on rescisión. If he does not, he gets the possession in the best way he can; and this, it is avowed, is, and has been, the settled law of this court.